**Joyce R. HELLGREN, as Executrix of the Estate of Delight F. Robles, Deceased, on behalf of the State of Delight F. Robles and all others similarly situated, Plaintiff–Appellant,**

v.

**PROVIDENTIAL HOME INCOME PLAN, INC.; et al., Defendants–Appellees.**

No. 06–17296.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 19, 2008.

Harold M. Jaffe, Esq., Oakland, CA, for Plaintiff–Appellant.

Jason M. Skaggs, Howard Rice Nemerovski Canady Falk & Rabkin A Professional Corporation, San Francisco, CA, for Defendants–Appellees.

Before: O'SCANNLAIN and SILVERMAN, Circuit Judges, and SINGLETON **, Senior District Judge.

### MEMORANDUM ***

Joyce R. Hellgren appeals the district court's dismissal of her class action complaint, filed on June 30, 2006 and on behalf of Delight F. Robles and others similarly situated. The district court granted Providential's motion for judgment on the pleadings and held that all of Hellgren's causes of action are barred by the applicable statutes of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Hellgren's claims are subject to California's three– and four–year statutes of limitations. *See* Cal. Bus. & Prof.Code § 17208; Cal.Code Civ. Proc. §§ 337(1), 338(a) & (d).

Hellgren's claims accrued when Robles entered into the reverse mortgage agreement with Providential in October 1992, but the lawsuit was not filed until June 2006. The discovery rule does not postpone the accrual of Hellgren's causes of action because the claims arise out of the terms of the reverse mortgage agreement and Providential's full disclosure of those terms at the formation of the agreement made discovery of any injury possible with the exercise of reasonable diligence. *See April Enters., Inc. v. KTTV,* 147 Cal. App.3d 805, 195 Cal.Rptr. 421, 432–33 (Ct. App.1983). Nor was Hellgren's harm "continual;" any alleged wrongdoing occurred when Robles agreed to the terms of the reverse mortgage in 1992.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.